The Honorable Lillie Mae Greene Chairperson Taylor County Board of County Commissioners
QUESTION:
May a county operate a prison as a for-profit, private business to house state and federal prisoners, but not county prisoners?
SUMMARY:
Absent specific legislative authority, the operation of a private, for-profit prison to house state and federal prisoners only and not county prisoners does not appear to fulfill a county purpose or involve the exercise of county governmental power.
You state that Taylor County is considering the construction and operation of a prison to house state and federal prisoners as a for-profit business. In addition to the income generated by the operation of the for-profit enterprise, the county believes the construction and operation of the prison would provide jobs for county residents. The prison would be separate from the county jail and would not be used to house county prisoners.
Section 1(f), Art. VIII, State Const., in pertinent part, provides that noncharter counties "shall have such power of self-government as is provided by general or special law." This constitutional provision is implemented in s. 125.01(1), F.S., which provides in relevant part that "[t]he legislative and governing body of a county shall have the power to carry on county government." The board of county commissioners, as the governing body of the county, may "[p]erform any other acts not inconsistent with law, which acts are in the common interest of the people of the county, and exercise all powers and privileges not specifically prohibited by law."[1]
The exercise of power and the expenditure of county funds, however, must be for a county purpose.[2] While the board of county commissioners has a responsibility to provide for a county jail,[3] you have advised this office that the construction and operation of the prison is not related to the county's responsibility to provide jail facilities. The prison would be used to house state and federal prisoners for whom the county is not under an obligation to provide facilities. The only county purpose to be fulfilled is to generate additional funding for the county through the operation of a for-profit enterprise which does not serve the people of the county, but may provide additional jobs for county residents.
While the county's concern to generate additional revenue and new jobs for its citizens is commendable, I cannot conclude that the construction and operation of a private prison by the county and its operation as a private business, for-profit involves the carrying out of county government or the fulfillment of a county obligation.
I would note that the Legislature, in the past, authorized and funded the private operation of a prison by a county.[4]
The determination by the Legislature that such legislative action was necessary leads me to conclude that the county may not act independently to undertake the operation of a private, for-profit prison facility. I have not found, nor have you provided any legislative authority for such an operation to be undertaken by Taylor County.
Accordingly, absent statutory authority to construct and operate a private prison or a showing that such an operation facilitates a county purpose or the exercise of a county governmental power, it does not appear that a county may construct and operate a private, for-profit prison.
[1] Section 125.01(1)(w), F.S.
[2] See, s. 10, Art. VII, State Const., requiring that public funds be used for public purposes.
[3] See, generally, Chs. 950 and 951, F.S.
[4] See, Item 2084, s. 2B, Ch. 90-209, Laws of Florida. See also, AGO 91-12, in which this office considered whether the prison facility contemplated in Item 2084, s. 2B, Ch. 90-209, Laws of Florida, must be constructed and operated in compliance with legal and judicial requirements imposed on the Department of Corrections and the department's own rules, policies and procedures.